ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAUNDRY, DRY CLEANING WORKERS
AND ALLIED INDUSTRIES HEALTH
FUND, UNITE HERE!, and LAUNDRY,
DRY CLEANING WORKERS AND
ALLIED INDUSTRIES RETIREMENT
FUND, UNITE HERE!,

**MEMORANDUM AND ORDER**
Case No. 07-CV-3202 (FB)

Plaintiffs,

-against-

STAIN LESS, INC., *doing business as*
Cedarwood Cleaners,

Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT. E.D.N.Y.
★ MAR 2 0 2008 ★
BROOKLYN OFFICE

*Appearances:*
*For the Plaintiff:*
MARK SCHWARTZ, ESQ.
Amalgamated Life Insurance Company
730 Broadway
New York, New York 10003

**BLOCK, Senior District Judge:**

On August 3, 2007, plaintiffs commenced this action pursuant to 9 U.S.C. §§ 9, *et seq.* and *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) by filing a petition to confirm an arbitration award dated June 29, 2007; after defendant failed to appear at arbitration, the arbitrator awarded plaintiffs $2,642.71 of unpaid contributions for the period from March 3, 2007 to June 29, 2007, $80.87 in interest, $528.54 in liquidated damages, and $132 in fees and costs, totaling $3,384.12.

As defendant has failed to respond to the petition or otherwise appear in this

1

action, *see* Docket Entry #10 (Clerk's Notation of Default dated February 29, 2008), plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

While default judgments in proceedings to confirm arbitration awards "are generally inappropriate," *D.H. Blair*, 462 F.3d at 109, a motion for default judgment should be "treated as akin to a motion for summary judgment based on the movant's submissions. . . . [Thus,] the lack of a response does not justify a default judgment because . . . a court may not grant [a summary judgment] motion without first examining the moving party's submission to determine if it has met is burden of demonstrating that no material issue of fact remains for trial." *Id.* at 109-10 (citation and quotation marks omitted). In the context of this case, the threshold is minimal because "[n]ormally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected. . . . Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* at 110 (citations and quotation marks omitted).

After examining plaintiffs' submissions, the Court confirms the arbitrator's award because there is more than colorable justification for its outcome.

The Clerk is directed to enter judgment in plaintiffs' favor in the amount of $3,734.12, consisting of the $ 3,384.12 arbitration award and $350 in costs of filing this action, plus interest from June 30, 2007 of 18% on $2,642.71, the amount of delinquent contributions, in accordance with 29 U.S.C. § 1132(a) and the Plan Rules governing

2

collection of delinquent contributions.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 18, 2008